1  LATHAM & WATKINS LLP
   Matthew Rawlinson (SBN 231890)
2  140 Scott Drive
   Menlo Park, California 94025
3  T: (650) 328-4600 / F: (650) 463-2600
   matt.rawlinson@lw.com
4
   Colleen C. Smith (SBN 231216)
5  12670 High Bluff Drive
   San Diego, California 92130
6  T: (858) 523-5400 / F: (858) 523-5450
   colleen.smith@lw.com
7
   *Attorneys for Defendants Lyft, Inc., Logan Green,*
8  *John Zimmer, Brian Roberts, Prashant (Sean)*
   *Aggarwal, Jonathan Christodoro, Ben Horowitz,*
9  *Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann*
   *Miura-Ko, and Mary Agnes (Maggie) Wilderotter*
10
   [*Additional Counsel on Signature Pages*]
11

12            **UNITED STATES DISTRICT COURT**

13          **NORTHERN DISTRICT OF CALIFORNIA**

14               **OAKLAND DIVISION**

| | |
|---|---|
| 15 IN RE LYFT, INC. DERIVATIVE LITIGATION | Lead Case No. 4:20-cv-09257-HSG |
| 16 | **JOINT STIPULATION AND ORDER CONSOLIDATING AND STAYING RELATED ACTION (as modified)** |
| 17 This Document Relates to: | |
| 18 ALL ACTIONS | |
| 19 | Hon. Haywood S. Gilliam, Jr. |
| 20 BRAD SHUMAN, Derivatively on Behalf of LYFT, INC., | Case No. 4:21-cv-01263-WHO |
| 21 | |
| 22         Plaintiff, | |
| 23   v. | |
| 24 LOGAN GREEN, JOHN ZIMMER, BRIAN ROBERTS, PRASHANT AGGARWAL, ANN MIURA-KO, VALERIE JARRETT, DAVID LAWEE, MARY AGNES WILDEROTTER, HIROSHI MIKITANI, and BEN HOROWITZ, | |
| 25 | |
| 26 | |
| 27         Defendants, | |
| 28 | |

1
2          -and-
3     LYFT, INC., a Delaware Corporation,
4                          Nominal Defendant.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STIPULATION AND ORDER
CONSOLIDATING AND STAYING RELATED ACTION
CASE NOS. 4:20-cv-09257-HSG/4:21-cv-01263-WHO

1    Pursuant to the Court's Order Consolidating Related Actions and Appointing Co-Lead

2  Counsel and Additional Counsel (ECF No. 9), the Parties submit the following:

3    WHEREAS, Plaintiffs Vishal Mehta, Yao Hong Kok, and Ron Chenoy each filed

4  putative stockholder derivative actions on September 30, 2020, December 21, 2020 and

5  December 21, 2020, respectively, on behalf of Nominal Defendant Lyft, Inc. ("Lyft" or the

6  "Company") against Defendants John Zimmer, Logan Green, Brian Roberts, Prashant (Sean)

7  Aggarwal, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, Mary Agnes (Maggie) Wilderotter,

8  Jonathan Christodoro, Ben Horowitz, and Valerie Jarrett (the "Individual Defendants," and

9  collectively with Lyft, "Defendants");

10    WHEREAS, on January 4, 2021, the Court consolidated Plaintiff Mehta, Plaintiff Kok,

11  and Plaintiff Chenoy's (the "Consolidated Action Plaintiffs") respective derivative actions (ECF

12  No. 9) (the "Consolidation Order") into the above-captioned *In re Lyft Inc. Derivative Litigation*

13  case (the "Consolidated Derivative Action");

14    WHEREAS, the Consolidation Order appointed The Brown Law Firm, P.C. and Levi &

15  Korsinsky, LLP as Co-Lead Counsel, and The Rosen Law Firm, P.A. as Additional Counsel, in

16  the Consolidated Derivative Action;

17    WHEREAS, the Consolidation Order applies to "each related shareholder derivative

18  action involving the same or substantially the same allegations, claims, and defendants, and

19  arising out of the same, or substantially the same, transactions or events as the Consolidated

20  Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court

21  ('Potential Subsequent Related Derivative Action')" (ECF No. 9);

22    WHEREAS, pursuant to the Consolidation Order, "the terms of all orders, rulings, and

23  decisions in the Consolidated Action shall apply to Potential Subsequent Related Derivative

24  Actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this

25  Court from another court" (ECF No. 9);

26    WHEREAS, an earlier-filed and factually related securities class action is pending in the

27  United States District Court for the Northern District of California, captioned *In re Lyft, Inc.*

28  *Securities Litigation*, Lead Case No. 4:19-cv-02690-HSG (the "Federal Class Action"), in which

1    plaintiff asserts federal securities claims against the Company and certain of its current and

2    former officers and directors (all of whom are defendants in the Consolidated Derivative

3    Action);

4           WHEREAS, on January 21, 2021, the Court entered an order relating the Consolidated

5    Derivative Action to the Federal Class Action (ECF No. 17);

6           WHEREAS, on February 17, 2021, the Court entered an order temporarily staying the

7    Consolidated Derivative Action in its entirety (including all discovery) until this Court enters

8    final judgment or issues a ruling on any motions for summary judgment filed in the Federal Class

9    Action, whichever is earlier ("Stay Order") (ECF No. 34);

10           WHEREAS, on February 22, 2021, Plaintiff Brad Shuman[1] filed a shareholder derivative

11   action on behalf of Nominal Defendant Lyft in this Court alleging breaches of fiduciary duty and

12   unjust enrichment, and seeking contribution under Section 11(f) of the Securities Act of 1933

13   and Section 21D of the Securities Exchange Act of 1934 against Defendants Logan Green, John

14   Zimmer, Brian Roberts, Prashant Aggarwal, Ann Miura-Ko, Valerie Jarrett, David Lawee, Mary

15   Agnes Wilderotter, Hiroshi Mikitani, Ben Horowitz, and Nominal Defendant Lyft., captioned

16   *Shuman v. Green, et al.,* Case No. 4:21-cv-01263-DMR (the "*Shuman* Action");

17           WHEREAS, undersigned counsel for Defendants hereby accept service on behalf of

18   Defendants with regard to the *Shuman* Action and waive service of the summons on Defendants

19   for the *Shuman* Action;

20           WHEREAS, the *Shuman* Action was assigned to and is currently pending before the

21   Honorable Magistrate Judge Donna M. Ryu;

22           WHEREAS, the Consolidated Derivative Action and the *Shuman* Action make

23   substantially similar allegations against the same parties, and involve the same questions of law

24   and fact;

25           WHEREAS, the *Shuman* Action is a Subsequent Related Derivative Action as defined in

26   the Consolidation Order;

27

28   _____
     [1] Collectively with Consolidated Action Plaintiffs, "Plaintiffs."  And Plaintiffs, collectively with
     the Defendants, the "Parties."

1    WHEREAS, pursuant to the Consolidation Order, the *Shuman* Action shall be

2    consolidated for all purposes, including pre-trial proceedings and trial, with the Consolidated

3    Derivative Action;

4    WHEREAS, pursuant to the Consolidation Order, all orders entered in the Consolidated

5    Derivative Action, including, but not limited to, the Consolidation Order and the Stay Order,

6    shall apply to the *Shuman* Action;

7    WHEREAS, without waiving any rights, arguments, or defenses, the Parties to the

8    Consolidated Action and the *Shuman* Action agree that the *Shuman* Action should be

9    consolidated with the Consolidated Derivative Action and that all orders entered in the

10   Consolidated Derivative Action shall apply to the *Shuman* Action.

11   IT IS ACCORDINGLY HEREBY STIPULATED by and among the Parties through their

12   respective counsel of record and subject to the approval of the Court, in order to facilitate the

13   efficient prosecution of this action, as follows:

14   1.    The *Shuman* Action, Case No. 4:21-cv-01263-DMR, shall be consolidated for all

15   purposes, including pre-trial proceedings and trial, with the Consolidated Derivative Action,

16   under Case No. 4:20-cv-09257-HSG (the Consolidated Derivative Action).

17   2.    Every pleading in the Consolidated Derivative Action shall continue to bear the

18   following caption:

19   **UNITED STATES DISTRICT COURT**

20   **NORTHERN DISTRICT OF CALIFORNIA**

21

| IN RE LYFT, INC. DERIVATIVE LITIGATION | Lead Case No. 4:20-cv-09257-HSG |
|---|---|
| This Document Relates to: ALL ACTIONS | |

27   3.    All papers filed in connection with the Consolidated Derivative Action shall

28   continue to be maintained under Lead Case No. 4:20-cv-09257-HSG.

1    4.    Consistent with the terms of the Consolidation Order (ECF No. 9), all orders

2    entered in the Consolidated Derivative Action, including but not limited to the Consolidation

3    Order and the Stay Order (ECF No. 34) shall apply to the *Shuman* Action.

4    5.    Any previously scheduled hearings or deadlines, including the deadline to answer,

5    move, or otherwise respond to the complaint in the *Shuman* Action shall be vacated.

6

7    **IT IS SO STIPULATED.**

8    Dated: March 9, 2021                                                  Respectfully submitted,

9    **THE BROWN LAW FIRM, P.C.**                    **LATHAM & WATKINS LLP**

10   /s/ Robert C. Moest                                        /s/ Colleen C. Smith
11   Robert C. Moest, Of Counsel, SBN 62166        Colleen C. Smith (CA Bar No. 231216)
         2530 Wilshire Boulevard, Second Floor              12670 High Bluff Drive
12       Santa Monica, California 90403                          San Diego, CA 92130
         Telephone: (310) 915-6628                                T: (858) 523-5400 / F: (858) 523-5450
13       Facsimile: (310) 915-9897                                Colleen.Smith@lw.com
14       Email: RMoest@aol.com
                                                                        Matthew Rawlinson (CA Bar No. 231890)
15   Timothy Brown (*pro hac vice*)                            140 Scott Drive
         240 Townsend Square                                       Menlo Park, CA 94025
16       Oyster Bay, NY 11771                                     T: (650) 328-4600 / F: (650) 463-2600
         Telephone: (516) 922-5427                              matthew.rawlinson@lw.com
17       Facsimile: (516) 344-6204
         Email: tbrown@thebrownlawfirm.net          *Counsel for Defendants Lyft, Inc., Logan*
18                                                                        *Green, John Zimmer, Brian Roberts,*
                                                                        *Prashant Aggarwal, Jonathan*
19   **LEVI & KORSINSKY, LLP**                            *Christodoro, Ben Horowitz, Valerie*
                                                                        *Jarrett, David Lawee, Hiroshi Mikitani,*
20   Adam Apton                                                     *Ann Miura-Ko, and Mary Agnes*
         388 Market Street, Suite 1300                          *Wilderotter*
21       San Francisco, CA 94111
         Telephone: 415-373-1671
22       Facsimile: 415-484-1294
         Email: aapton@zlk.com
23   Gregory M. Nespole (*pro hac vice*)
         55 Broadway, 10th Floor
24       New York, New York 10006
         Telephone: 212.363.7500
25       Facsimile: 212.363.7171
         Email: gnespole@zlk.com
26
27   *Co-Lead Counsel for Plaintiffs*

28

1

**ROBBINS LLP**

2

/s/ Stephen J. Oddo

3
Brian J. Robbins (CA Bar No. 190264)
Stephen J. Oddo (CA Bar No. 174828)

4
Eric M. Carrino (CA Bar No. 310765)
    5040 Shoreham Place

5
    San Diego, California 92122
    Telephone: (619) 525-3990

6
    Facsimile: (619) 525-3991

7
    Email: brobbins@robbinsllp.com

8
         soddo@robbinsllp.com
         ecarrino@robbinsllp.com

9
*Counsel for Brad Shuman*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE ATTESTATION**

I, Colleen C. Smith, am the ECF User whose ID and password are being used to file this Joint Stipulation and [Proposed] Order Consolidating and Staying Related Action.  In compliance with Civil L.R. 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: March 9, 2021                                    By: /s/  Colleen C. Smith

\*        \*        \*

**ORDER**

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

1.      The Court finds that the *Shuman* Action, Case No. 4:21-cv-01263-WHO, is related to 4:20-cv-09257-HSG, and orders that it be reassigned to the undersigned judge.

2.      The *Shuman* Action, Case No. 4:21-cv-01263-WHO, shall be consolidated for all purposes, including pre-trial proceedings and trial, with the Consolidated Derivative Action, under Case No. 4:20-cv-09257-HSG (the Consolidated Derivative Action).

3.      Every pleading in the Consolidated Derivative Action shall continue to bear the following caption:

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE LYFT, INC. DERIVATIVE LITIGATION | Lead Case No. 4:20-cv-09257-HSG |
| This Document Relates to:<br><br>     ALL ACTIONS | |

4.      All papers filed in connection with the Consolidated Derivative Action shall continue to be maintained under Lead Case No. 4:20-cv-09257-HSG.

5.      The clerk is directed to administratively close the later-filed civil action, Case No. 4:21-cv-1263-WHO.

6.      Consistent with the terms of the Consolidation Order (ECF No. 9), all orders entered in the Consolidated Derivative Action, including but not limited to the Consolidation Order and the Stay Order (ECF No. 34) shall apply to the *Shuman* Action.

Dated: 3/10/2021

The Honorable Haywood S. Gilliam, Jr.
UNITED STATES DISTRICT COURT JUDGE