# EXHIBIT 1

LATHAM & WATKINS LLP
  Matthew Rawlinson (SBN 231890)
  140 Scott Drive
  Menlo Park, California 94025
  T: (650) 328-4600 / F: (650) 463-2600
  matthew.rawlinson@lw.com

  Andrew B. Clubok (*pro hac vice* pending)
  555 Eleventh Street, NW, Suite 1000
  Washington, D.C. 20004
  T: (202) 637-2200 / F: (202) 637-2201
  andrew.clubok@lw.com

  Colleen C. Smith (SBN 231216)
  12670 High Bluff Drive
  San Diego, California 92130
  T: (858) 523-5400 / F: (858) 523-5450
  colleen.smith@lw.com

*Attorneys for Nominal Defendant Lyft, Inc. and*
*Defendants Logan Green, John Zimmer, Brian*
*Roberts, Prashant (Sean) Aggarwal, Jonathan*
*Christodoro, Ben Horowitz, Valerie Jarrett, David*
*Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary*
*Agnes (Maggie) Wilderotter*

[*Additional Counsel on Signature Pages*]

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| IN RE LYFT, INC. DERIVATIVE LITIGATION | Lead Case No. 4:20-cv-09257-HSG |
| | **STIPULATION OF SETTLEMENT** |
| This Document Relates to: | Hon. Haywood S. Gilliam, Jr. |
| ALL ACTIONS | |

This Stipulation of Settlement dated July 23, 2024 (the "Stipulation"), is made and entered into by and among the following Settling Parties,[1] each by and through their respective counsel of record: (i) plaintiffs Vishal Mehta, Yao Hong Kok, Ron Chenoy, and Brad Shuman (collectively, "Plaintiffs"), individually and derivatively on behalf of nominal defendant Lyft, Inc. ("Lyft" or the "Company"); (ii) Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Jonathan Christodoro, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter; and (iii) Lyft.  This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the terms and conditions set forth herein.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Lyft maintains a peer-to-peer marketplace for on-demand ridesharing, representing one of the largest multimodal transportation networks in the United States and Canada.  The derivative claims arise from allegedly false and misleading statements made in connection with Lyft's March 28, 2019 initial public offering.

### A.    Proceedings in the Related Federal Securities Class Action

On May 17, 2019, Lyft investors filed a securities class action, entitled *In re Lyft, Inc. Securities Litigation*, Lead Case No. 4:19-cv-02690-HSG, in which plaintiffs asserted federal securities claims against the Company and certain of its current and former officers and directors before the Honorable Haywood S. Gilliam, Jr. (the "Federal Securities Action").  On September 8, 2020, the Court granted in part and denied in part defendants' motions to dismiss the Federal Securities Action.  On August 20, 2021, the Court granted plaintiffs' motion for class certification.  On February 8, 2022, the parties to the Federal Securities Action informed the court by letter that they had reached an agreement-in-principle to settle the Federal Securities Action on a class-wide basis.  On December 16, 2022, the Court granted the parties' motion for preliminary approval of class action settlement.  On August 7, 2023, the Court granted final approval to the class action settlement.  On September 11, 2023, judgment was entered and the Federal Securities Action was terminated.

---

[1] All capitalized terms not otherwise defined are defined in section V.1.

**B.** **The State Securities Class Action**

On April 15, 2019, Frederic Lande filed the first complaint in any jurisdiction that alleged securities violations arising out of the Lyft IPO in the Superior Court of the State of California, County of San Francisco.  Following this complaint, six additional lawsuits were filed in San Francisco Superior Court on the same subject matter, and were ultimately consolidated with the Lande action (together, the "State Securities Action").  On January 25, 2022, the state court denied Plaintiffs' motion for class certification and stayed the State Securities Action based on the pendency of the parallel Federal Securities Action.  In late 2022, during the settlement approval process for the Federal Securities Action, the plaintiffs in the State Securities Action moved to intervene and opt back into the federal class for the purpose of objecting to the settlement.  The Court considered and rejected the State Securities Action plaintiffs' objections.  After settlement of the Federal Securities Action was finally approved, the plaintiffs in the State Securities Action voluntarily dismissed their claims.  The State Securities Action was dismissed on October 31, 2023.

**C.** **Proceedings in the Federal Derivative Actions**

On September 30, 2020, Plaintiff Vishal Mehta filed a shareholder derivative action on behalf of nominal defendant Lyft in the United States District Court for the District of Delaware alleging breaches of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and for contribution under Section 11(f) of the Securities Act of 1933 (the "Securities Act"),  and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act") against defendants Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, Mary Agnes (Maggie) Wilderotter, and Jonathan Christodoro captioned *Mehta v. Green*, Case No. 1:20-cv-01326.  On December 28, 2020, the Mehta Action was transferred to the Northern District of California, Case No. 4:20-cv-09364 (the "Mehta Action").

On December 21, 2020, Plaintiff Ron Chenoy filed a shareholder derivative action on behalf of nominal defendant Lyft in this Court alleging breaches of fiduciary duty, unjust enrichment, waste of corporate assets, abuse of control, gross mismanagement, and for

contribution under Section 11(f) of the Securities Act and Section 21D of the Exchange Act against defendants John Zimmer, Logan Green, Brian Roberts, Prashant (Sean) Aggarwal, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, Mary Agnes (Maggie) Wilderotter, Jonathan Christodoro, Ben Horowitz, and Valerie Jarrett, captioned *Chenoy v. Zimmer*, Case No. 4:20-cv-09257 (the "Chenoy Action").

On December 21, 2020, Plaintiff Yao Hong Kok filed a shareholder derivative action on behalf of nominal defendant Lyft in this Court alleging breaches of fiduciary duty, unjust enrichment and for contribution under Section 11(f) of the Securities Act and Section 21D of the Exchange Act against defendants Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter, and nominal defendant Lyft, captioned *Hong Kok v. Green*, Case No. 3:20-cv-09272 (the "Hong Kok Action").

On January 4, 2021, the Magistrate Judge Jacqueline Scott Corley consolidated the Mehta Action, the Hong Kok Action, and the Chenoy Action (ECF No. 9) into the above-captioned *In re Lyft Inc. Derivative Litigation* case (the "Consolidated Derivative Action") and appointed The Brown Law Firm, P.C. and Levi & Korsinsky, LLP as Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action. On February 17, 2021, at the parties' joint request, the Court stayed the case.

On February 22, 2021, Plaintiff Brad Shuman filed a shareholder derivative action on behalf of nominal defendant Lyft in this Court alleging breaches of fiduciary duty and unjust enrichment, and seeking contribution under Section 11(f) of the Securities Act and Section 21D of the Exchange Act against Defendants Logan Green, John Zimmer, Brian Roberts, Prashant Aggarwal, Ann Miura-Ko, Valerie Jarrett, David Lawee, Mary Agnes Wilderotter, Hiroshi Mikitani, Ben Horowitz, and nominal defendant Lyft, captioned *Shuman v. Green*, Case No. 4:21-cv-01263 (the "Shuman Action"). On March 10, 2021, the Shuman Action was consolidated for all purposes, including pre-trial proceedings and trial, with the Consolidated Derivative Action.

1    On January 19, 2024, the court lifted the stay of the Consolidated Derivative Action.  On

2    March 26, 2024, Plaintiffs Vishal Mehta, Yao Hong Kok, Ron Chenoy, and Brad Shuman

3    designated the Verified Shareholder Derivative Complaint filed in the Hong Kok Action on

4    December 21,  2020, as the operative complaint in the Consolidated Derivative Action.

5    **II.    PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT**

6        Plaintiffs believe that the Federal Derivative Actions have substantial merit, and

7    Plaintiffs' entry into this Stipulation and Settlement is not intended to be and shall not be

8    construed as an admission or concession concerning the relative strength or merit of the claims

9    alleged in the Federal Derivative Actions.  However, Plaintiffs and Plaintiffs' Counsel recognize

10   and acknowledge the significant risk, expense, and length of continued proceedings necessary to

11   prosecute the Federal Derivative Actions against the Individual Defendants through trial and

12   through possible appeals. Plaintiffs' Counsel also have taken into account the uncertain outcome

13   and the risk of any litigation, especially in complex cases such as the Federal Derivative Actions,

14   as well as the difficulties and delays inherent in such litigation. Plaintiffs' Counsel are also

15   mindful of the inherent problems of establishing standing in derivative litigation, and the

16   possible defenses to the claims alleged in the Federal Derivative Actions.

17       Plaintiffs' Counsel have conducted extensive investigation and analysis, including, *inter*

18   *alia*: (i) reviewing Lyft's press releases, public statements, U.S. Securities and Exchange

19   Commission ("SEC") filings, and securities analysts' reports and advisories about the Company

20   and its financial condition; (ii) reviewing related media reports about the Company;

21   (iii) researching applicable law with respect to the claims alleged in the Federal Derivative

22   Actions and potential defenses thereto; (iv) preparing and filing derivative complaints;

23   (v) conducting damages analyses; (vi) reviewing and analyzing relevant documents in the

24   Federal Securities Action and in the State Securities Action; (vii) researching corporate

25   governance best practices; (viii) researching and preparing correspondence related to the

26   settlement demands; and (viii) negotiating this Settlement with Defendants.  Based on Plaintiffs'

27   Counsel's thorough review and analysis of the relevant facts, allegations, defenses, and

28   controlling legal principles, Plaintiffs' Counsel believe that the Settlement set forth in this

1  Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon Lyft.  Based

2  upon Plaintiffs' Counsel's evaluation, Plaintiffs have determined that the Settlement is in the best

3  interests of Lyft and have agreed to settle the Federal Derivative Actions upon the terms and

4  subject to the conditions set forth herein.

5  **III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

6           Defendants have denied and continue to deny each and all of the claims and contentions

7  alleged by Plaintiffs in the Federal Derivative Actions.  The Individual Defendants have

8  expressly denied and continue to deny all charges of wrongdoing or liability against them arising

9  out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged

10 in the Federal Derivative Actions.

11          Nonetheless, Lyft and the Individual Defendants have concluded that further litigation of

12 the Federal Derivative Actions would be protracted and expensive, and that it is desirable for the

13 Federal Derivative Actions to be fully and finally settled in the matter and upon the terms and

14 conditions set forth in this Stipulation.  Defendants have also taken into account the uncertainty

15 and risks inherent in any litigation, especially in complex cases like the Federal Derivative

16 Actions.  Defendants have, therefore, determined that it is desirable and beneficial that the

17 Federal Derivative Actions be settled in the manner and upon the terms and conditions set forth

18 in this Stipulation.

19          Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor

20 any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out

21 this Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the

22 Released Claims or an admission by or against the Individual Defendants of any fault,

23 wrongdoing, or concession of liability whatsoever.

24 **IV.    BOARD APPROVAL**

25          The terms of this Stipulation of Settlement, including exhibits hereto, shall be presented

26 to the Lyft Board of Directors for their review and approval at the next regularly scheduled

27 Board meeting, currently set for August 20, 2024.

28

**V.     TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel for the Settling Parties herein, in consideration of the benefits flowing to the parties from the Settlement, and subject to the approval of the Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, that the claims asserted in the Federal Derivative Actions and the Released Claims shall be finally and fully compromised, settled, and released, and the Federal Derivative Actions shall be dismissed with prejudice and with full preclusive effect as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as set forth below.

**1.     Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1.     "Applicable Lyft Shareholders" means any Person who owned Lyft common stock as of the date of the execution of this Stipulation and continues to hold their Lyft common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, the officers and directors of Lyft, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

1.2.     "Board" means Lyft's Board of Directors.

1.3.     "Consolidated Derivative Action" means the above-captioned *In re Lyft Inc. Derivative Litigation* case in the Northern District of California, including the actions consolidated therein.

1.4.     "Court" means the U.S. District Court for the Northern District of California.

1.5.     "Defendants" means, collectively, nominal defendant Lyft and the Individual Defendants.

1.6.     "Defendants' Counsel" means Latham & Watkins LLP.

1.7.     "Effective Date" means the date by which the events and conditions specified in paragraph 6.1 of this Stipulation have been met and have occurred.

1.8.    "Federal Derivative Actions" means the derivative actions styled as *Mehta v. Green*, Case No. 1:20-cv-01326 (D. Del.), *Mehta v. Green*, Case No. 4:20-cv-09364 (N.D. Cal.), *Chenoy v. Zimmer*, Case No. 4:20-cv-09257 (N.D. Cal.), *Hong Kok v. Green*, Case No. 3:20-cv-09272 (N.D. Cal.), and *Shuman v. Green*, Case No. 4:21-cv-01263 (N.D. Cal.), each consolidated into the above-captioned Consolidated Derivative Action.

1.9.    "Federal Securities Action" means the securities class actions styled as *In re Lyft, Inc. Securities Litigation*, Lead Case No. 4:19-cv-02690-HSG (N.D. Cal.).

1.10.    "Final" means the date upon which the last of the following shall occur with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit E attached hereto: (1) the expiration of the time to file a notice of appeal from the Judgment; or (2) if an appeal has been filed, the court of appeals has either affirmed the Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) if a higher court has granted further appellate review, that court has either affirmed the underlying Judgment or affirmed the court of appeal's decision affirming the Judgment or dismissing the appeal. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the payment of service awards to Plaintiffs. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to the application for attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.11.    "Individual Defendants" means Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Jonathan Christodoro, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter.

1.12.    "Judgment" means the Order and Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit E.

1.13.    "Notice" means the Notice of Pendency and Proposed Settlement of Shareholder Derivative Action, substantially in the form attached hereto as Exhibit C.

1.14.    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership,

association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.15.   "Plaintiffs" means Vishal Mehta, Yao Hong Kok, Ron Chenoy, and Brad Shuman.

1.16.   "Plaintiffs' Co-Lead Counsel" means Levi & Korsinsky, LLP and The Brown Law Firm, P.C.

1.17.   "Plaintiffs' Counsel" means Plaintiffs' Co-Lead Counsel and The Rosen Law Firm, P.A.

1.18.   "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form attached hereto as Exhibit B, which preliminarily approves the terms and conditions of the Settlement as set forth in this Stipulation, directing that notice of the Settlement be provided to Applicable Lyft Shareholders, and scheduling a Settlement Hearing to consider whether the Settlement and all of its terms should be finally approved.

1.19.   "Lyft" or the "Company" means nominal defendant Lyft, Inc., a Delaware corporation, and its affiliates, subsidiaries, predecessors, successors, and assigns.

1.20.   "Related Persons" means: (i) with regard to each Individual Defendant, the Individual Defendants' spouses, marital communities, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns or other individual or entity in which any Individual Defendant has a controlling interest, and each and all of their respective past and present officers, directors, employees, agents, affiliates, parents, subsidiaries divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns; and (ii) with regard to Lyft, all past or present agents, officers, directors, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, partners, controlling shareholders, joint venturers, related or affiliated entities, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, insurers, and assigns for Lyft.

1.21.   "Released Claims" means any and all actions, suits, claims, debts, rights, liabilities, and causes of action, whether under federal, state, local, statutory, common law, foreign law, or any other law, rule or regulation, including both known and Unknown Claims (as defined in paragraph 1.26 below), that: (a) were asserted or could have been asserted by any shareholder derivatively on behalf of Lyft, or by Lyft, against any Released Person; and (b) concern, arise out of, or relate to (i) the allegations asserted in the Federal Derivative Actions or the matters and occurrences that were alleged in the Federal Derivative Actions, or (ii) the Settlement, defense or resolution of the Federal Derivative Actions, except for any claims to enforce the Settlement.  Excluded from the term "Released Claims" are all claims alleged in the Federal Securities Action and the State Securities Action.

1.22.   "Released Persons" means collectively, Lyft, the Individual Defendants, and their Related Persons.  "Released Person" means, individually, any of the Released Persons.

1.23.   "Releasing Persons" means Plaintiffs (individually, collectively, and derivatively on behalf of Lyft), all other Applicable Lyft Shareholders, Plaintiffs' Counsel, and Lyft. "Releasing Person" means, individually, any of the Releasing Persons.

1.24.   "Settlement" means the settlement and compromise of the Federal Derivative Actions as provided for herein.

1.25.   "Settlement Hearing" means the hearing or hearings at which the Court will review the adequacy, fairness, and reasonableness of the Settlement.

1.26.   "Settling Parties" means, collectively, each and all of the Plaintiffs (on behalf of themselves and derivatively on behalf of Lyft), Lyft, and the Individual Defendants.

1.27.   "Settling Party" means, individually, any of the Settling Parties.

1.28.   "State Securities Action" means the securities class actions styled as *In re Lyft, Inc. Securities Litigation* in the Superior Court of the State of California, County of San Francisco, Lead Case No. CGC-19-575293 (Cal. Sup. Ct.).

1.29.   "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Action, substantially in the form attached hereto as Exhibit D.

1.30. "Unknown Claims" means any Released Claim(s) which Plaintiffs or Defendants do not know of or suspect to exist in his, her, or its favor at the time of the release of the Released Persons. With respect to any and all Released Claims, the Settling Parties agree that upon the Effective Date, the Settling Parties expressly waive the provisions, rights and benefits conferred by or under California Civil Code section 1542, or any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of the Released Claims, but it is the intention of the Settling Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Settling Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of this Stipulation of which this release is a part.

**2.    Terms of the Settlement**

2.1. As a result of the filing, prosecution, and settlement of the Federal Derivative Actions, Lyft shall, within forty-five (45) calendar days after the Effective Date, formally express, expand upon, and/or implement and maintain in substance the corporate governance reforms identified in Exhibit A attached hereto for a period of not less than three (3) years after the Effective Date. Lyft and the Individual Defendants acknowledge and agree that the corporate governance reforms identified in Exhibit A attached hereto are significant and extensive and

1  confer substantial benefits upon Lyft and its shareholders.  Lyft and the Individual Defendants

2  also acknowledge that the prosecution and settlement of the Federal Derivative Actions was a

3  substantial and material factor in the Company's decision to adopt and/or implement the

4  corporate governance reforms set forth in Exhibit A.

5       **3.**    **Approval and Notice**

6       3.1.    Promptly after execution,  the Settling Parties shall submit this Stipulation

7  together with its exhibits to the Court and shall  jointly  apply  for  entry  of  an  order  (the

8  "Preliminary  Approval  Order"), substantially  in  the  form  of  Exhibit  B  attached  hereto,

9  requesting:  (i)  preliminary approval of the Settlement set forth in this Stipulation;

10  (ii) approval of the form and manner of providing notice of the Settlement to Applicable Lyft

11  Shareholders; and (iii) a  date for the Settlement Hearing, pursuant to Rule 23.1 of the

12  Federal Rules of Civil Procedure.

13       3.2.    Notice  to  Applicable  Lyft  Shareholders  shall  consist  of  a  Notice  of

14  Pendency  and  Proposed  Settlement  of  Shareholder  Derivative  Action  ("Notice"), which

15  includes the general terms of the Settlement set forth in this Stipulation and the date of the

16  Settlement Hearing, substantially in the form attached hereto as Exhibit C, as well  as  a

17  Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Action

18  ("Summary  Notice"),  substantially  in  the  form  attached  hereto  as  Exhibit  D.

19       3.3.    Except as otherwise provided in this paragraph, Lyft shall undertake the

20  administrative responsibility for giving notice to Applicable Lyft Shareholders. Lyft shall be

21  solely responsible for paying or causing to be paid the costs and expenses related to providing

22  such notice to its shareholders without exception.  Within fifteen (15) business days after the

23  entry of the Preliminary Approval Order: (i) Lyft shall publish the Summary Notice one time in

24  the national edition of *Investor's Business Daily*; (ii) Plaintiffs' Counsel shall publish the

25  Summary Notice one time over *PR Newswire*; and (iii) Lyft shall post the Stipulation (and

26  exhibits thereto) and Notice on an internet page that Lyft shall create for this purpose, which

27  shall be accessible via a link on the "Investors" page of Lyft's website through the date of the

28  Settlement Hearing, the address of which shall be contained in the Notice and Summary Notice.

The Settling Parties believe the content and manner of the notice, as set forth in this paragraph, constitute  adequate and reasonable notice to Lyft shareholders pursuant to applicable law and due process.   At least twenty-one (21) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to publishing and posting the Notice and Summary Notice.

3.4.     Pending the Court's determination as to final approval of the Settlement, Plaintiffs are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim against any of the Released Persons.

**4.     Attorneys' Fees and Reimbursement of Expenses**

4.1.     In recognition of the substantial benefits conferred upon Lyft as a direct result of the prosecution and Settlement of the Federal Derivative Actions, and subject to Court approval, the Individual Defendants shall cause their insurers to pay Plaintiffs' Counsel the agreed-to amount of $700,000 (the "Fee and Expense Amount").  The Fee and Expense Amount shall constitute final and complete payment for Plaintiffs' attorneys' fees and expenses that have been incurred or will be incurred in connection with the Federal Derivative Actions.  Within thirty (30) calendar days of the date of entry of the Preliminary Approval Order and The Brown Law Firm, P.C.'s  provision of Automated Clearing House ("ACH") instructions and W-9 form, whichever is later, Defendants' insurers shall pay the Fee and Expense Amount to The Brown Law Firm, P.C.'s (the "Escrow Agent") escrow account (the "Escrow Account"), which amount, to the extent approved by the Court, shall be released by the Escrow Agent from the Escrow Account once the Court enters the Judgment and an order approving the Fee and Expense Amount, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof.

4.2.     The Settling Parties further stipulate that Plaintiffs' Counsel may apply to the Court for a service award of up to $1,500 for each of the Plaintiffs, only to be paid upon Court approval, and to be paid from the Fee and Expense Amount in recognition of Plaintiffs' participation and effort in the prosecution of the Federal Derivative Actions.  The failure of the

1  Court to approve any requested service award, in whole or in part, shall have no effect on the

2  Settlement.  Neither Lyft nor any of the Individual Defendants shall be liable for any portion of

3  any service award.

4     4.3.    In the event that the Judgment fails to become Final, or to the extent that the

5  Court does not approve Plaintiffs' Counsel's application for an award of attorneys' fees and costs

6  in the full amount of the Fee and Expense Amount, or to the extent the Fee and Expense Amount

7  is reduced as the result of an appeal, Plaintiffs' Counsel must refund the Fee and Expense

8  Amount to the extent it is denied or reduced to the Individual Defendants' insurers within  thirty

9  (30) calendar days from receiving notice from Defendants' Counsel or from a court of

10  appropriate jurisdiction..  Plaintiffs' Counsel, as a condition of receiving any part of the Fee and

11  Expense Amount, on behalf of themselves and each partner and/or shareholder of them, agrees

12  that Plaintiffs' Counsel and their partners and/or shareholders are subject to the jurisdiction of

13  the Court for the purpose of enforcing the provisions of this paragraph.

14     4.4.    Defendants shall have no responsibility for, and no liability whatsoever with

15  respect to, the allocation of the Fee and Expense Amount among Plaintiffs' Counsel and/or to

16  any other person who may assert some claim thereto, except as otherwise agreed to in writing.

17     **5.    Releases**

18     5.1.    Upon the Effective Date, the Releasing Persons shall be deemed to have fully,

19  finally, and forever released, relinquished, and discharged the Released Claims (including

20  Unknown Claims) against the Released Persons and any and all derivative claims arising out of,

21  relating to, or in connection with the defense, settlement, or resolution of the Federal Derivative

22  Actions against the Released Persons.  Nothing herein shall in any way impair or restrict the

23  rights of any Settling Party to enforce the terms of this Stipulation.

24     5.2.    Except as set forth in paragraph 5.3, below, upon the Effective Date, Lyft and

25  each of the Individual Defendants and their Related Persons shall be deemed to have fully,

26  finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel and

27  their Related Persons from all claims (including claims related to Unknown Claims), arising out

28  of, relating to, or in connection with the institution, prosecution, assertion, settlement, or

resolution of the Federal Derivative Actions or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation.

5.3.    Nothing in this Stipulation or in paragraph 5.2 above constitutes or reflects a waiver or release of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, including, but not limited to, any rights or claims of Defendants under any directors' and officers' liability insurance or other applicable insurance coverage maintained by the Company.  Nothing in this Stipulation or in paragraph 5.2 above constitutes or reflects a waiver or release of any rights or claims of the Individual Defendants relating in any way to indemnification, whether under any written indemnification or advancement agreement, or under the Company's charter, by-laws, or under applicable law.

**6.    Conditions of Settlement; Effect of Disapproval, Cancellation, or Termination**

6.1.    The Effective Date shall be conditioned on the occurrence of all of the following events:

(a)     Board approval of the Settlement;

(b)     Court entry of the Preliminary Approval Order;

(c)     Court approval of the method of providing the Notice and Summary Notice of the Stipulation and Proposed Settlement to Applicable Lyft Shareholders, as set forth in paragraphs 3.2 and 3.3, and as required by Rule 23.1 of the Federal Rules of Civil Procedure;

(d)     final approval of the Settlement by the Court following notice to Applicable Lyft Shareholders and the Settlement Hearing contemplated by the Stipulation;

(e)     Court entry of the Judgment, in all material respects in the form set forth as Exhibit E annexed hereto, approving the Settlement and dismissing with prejudice the Consolidated Derivative Action, without awarding costs to any Party, except as provided herein;

(f)     payment of the Fee and Expense Amount in accordance with paragraph 4;

(g)     the passing of the date upon which the Judgment becomes Final; and

(h)     Court issuance of an order dismissing the Federal Derivative Actions with

prejudice.

6.2.     If any of the conditions specified above in paragraph 6.1 are not met, then this Stipulation shall be canceled and terminated subject to paragraph 6.3, unless counsel for the Settling Parties mutually agree in writing to proceed with this Stipulation.

6.3.     If for any reason the Effective Date does not occur, or if this Stipulation is in any way canceled, terminated or fails to become Final in accordance with its terms, then: (a) all Settling Parties and Released Persons shall be restored to their respective positions in the Federal Derivative Actions as of July 23, 2024; (b) all releases delivered in connection with this Stipulation shall be null and void, except as otherwise provided for in this Stipulation; (c) the Fee and Expense Amount paid to Plaintiffs' Counsel shall be refunded and returned within thirty (30) calendar days; and (d) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Federal Derivative Actions or in any other action or proceeding.  In such event, the terms and provisions of this Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Federal Derivative Actions or in any other proceeding for any purpose.

## 7.     Miscellaneous Provisions

7.1.     The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to act in good faith and cooperate to take all reasonable and necessary steps to expeditiously implement the terms and conditions of this Stipulation.

7.2.     In the event that any part of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain intact.

7.3.     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Federal Derivative Actions. The Settlement comprises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation, or defense.  The Settling Parties and their respective

counsel agree that at all times during the course of the litigation, each has complied with the requirements of the applicable laws and rules of the Court, including, without limitation, Rule 11 of the Federal Rules of Civil Procedure, and section 128.7 of the California Code of Civil Procedure.

7.4.    Each of the Individual Defendants expressly denies and continues to deny all allegations of wrongdoing or liability against himself or herself arising out of any conduct, statements, acts, or omissions alleged, or which could have been alleged, in the Federal Derivative Actions.  The existence of the provisions contained in this Stipulation shall not be deemed to prejudice in any way the respective positions of the Settling Parties with respect to the Federal Derivative Actions, shall not be deemed a presumption, a concession, or admission by any of the Settling Parties of any fault, liability, or wrongdoing as to any facts, claims, or defenses that have been or might have been alleged or asserted in the Federal Derivative Actions or with respect to any of the claims settled in the Federal Derivative Actions, or any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Federal Derivative Actions, or in any other action or proceeding, except for any litigation or judicial proceeding arising out of or relating to this Stipulation or the Settlement whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

7.5.    This Stipulation may be modified or amended only by a writing signed by the signatories hereto.

7.6.    This Stipulation shall be deemed drafted equally by all the Settling Parties.

7.7.    No representations, warranties, or inducements have been made to any of the Parties concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

7.8.    Each counsel or other Person executing this Stipulation or its exhibits on behalf of any of the Settling Parties hereby warrants that such Person has the full authority to do so.

7.9.    The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.10.    This Stipulation and the exhibits attached hereto constitute the entire agreement among the Settling Parties with respect to the subject matter hereof and supersede all prior and contemporaneous oral and written agreements and discussions, except as to any written agreement that includes a provision pertaining to allocation of attorneys' fees and expenses to Plaintiffs' Counsel.

7.11.    In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

7.12.    This Stipulation may be executed in one or more counterparts, including by signature transmitted by e-mailed PDF files.  Each counterpart, when so executed, shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

7.13.    This Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

7.14.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and the Settling Parties and their counsel submit  to the jurisdiction of the Court solely for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

IN  WITNESS  WHEREOF, the Settling Parties have caused this Stipulation to be executed by their duly authorized attorneys.

1        IT IS SO STIPULATED.

2    Dated: July 23, 2024                              Respectfully submitted,

3    **THE BROWN LAW FIRM, P.C.**        **LATHAM & WATKINS LLP**

4
5    /s/ *Timothy Brown*                      /s/ *Colleen C. Smith*
     Timothy Brown                           Colleen C. Smith (CA Bar. No. 231216)
6       767 Third Avenue, Suite 2501         12670 High Bluff Drive
        New York, NY 11771                 San Diego, CA 92130
7       Telephone: (516) 922-5427           T: (858) 523-5400 / F: (858) 523-5450
        Facsimile: (516) 344-6204           colleen.smith@lw.com
8       Email: tbrown@thebrownlawfirm.net

9                                         Andrew B. Clubok (*pro hac vice* pending)
     *Co-Lead Counsel for Plaintiffs*        555 Eleventh Street, NW, Suite 1000
10                                        Washington, D.C. 20004
                                          T: (202) 637-2200 / F: (202) 637-2201
11   **LEVI & KORSINSKY, LLP**        andrew.clubok@lw.com

12   /s/ *Gregory M. Nespole*           Matthew Rawlinson (SBN 231890)
     Gregory M. Nespole                  140 Scott Drive
13      33 Whitehall Street, 17th Floor      Menlo Park, California 94025
        New York, New York 10004         T: (650) 328-4600 / F: (650) 463-2600
14      Telephone: 212.363.7500           matthew.rawlinson@lw.com
        Facsimile: 212.363.7171
15      Email: gnespole@zlk.com          *Attorneys for Nominal Defendant Lyft,*
16                                         *Inc., and Defendants Logan Green, John*
     Adam Apton                           *Zimmer, Brian Roberts, Prashant (Sean)*
17      1160 Battery Street East, Suite 100 -    *Aggarwal, Jonathan Christodoro, Ben*
        #3425                                   *Horowitz, Valerie Jarrett, David Lawee,*
18      San Francisco, CA 94111         *Hiroshi Mikitani, Ann Miura-Ko, and*
        Telephone: 415-373-1671         *Mary Agnes Wilderotter*
19      Facsimile: 415-484-1294
        Email: aapton@zlk.com
20
     *Co-Lead Counsel for Plaintiffs*
21
22
     **THE ROSEN LAW FIRM, P.A.**
23   Laurence M. Rosen, SBN 219683
        355 South Grand Avenue, Suite 2450
24      Los Angeles, CA 90071
        Telephone: (213) 785-2610
25      Facsimile: (213) 226-4684
        Email: lrosen@rosenlegal.com
26
     *Additional Counsel for Plaintiffs*
27
28

## <u>SIGNATURE ATTESTATION</u>

I, Gregory M. Nespole, am the ECF User whose ID and password are being used to file this Stipulation of Settlement.   In compliance with Civil L.R. 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: July 23, 2024                                         By: <u>/s/ *Gregory M. Nespole*</u>
                                                                              Gregory M. Nespole

*          *          *

**IT IS SO ORDERED.**


Dated: _____          _____
                                                            The Honorable Haywood S. Gilliam, Jr.
                                                            UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

## PROPOSED CORPORATE GOVERNANCE ENHANCEMENTS

The corporate governance reforms set forth below ("Reforms") will improve the functioning of Lyft, Inc. ("the Company" or "Lyft") and convey to investors that they can invest in the Company with confidence. Among other things, since the time of the filing of the Complaints, the Company has made significant company-wide reforms, and commits to substantively maintaining or expanding upon the Reforms (or their functional equivalents) for a period of not less than three (3) years.

**A.    Compliance and Ethics Hotline**

1.    The Company shall post a link to its Compliance and Ethics Hotline on the Company's website within 90 days of final approval of the Settlement.

**B.    Enhanced Clawback Policy**

On October 2, 2023, the Company substantially amended its Clawback Policy to include robust provisions providing for recoupment in the event of material negative restatements. The Company intends to maintain the Clawback Policy going forward. The recent improvements to the Clawback Policy are as follows:

1.    <u>Application</u>. The Clawback Policy is binding and enforceable against all Executive Officers. It applies to all incentive-based compensation that is received on or after October 2, 2023, by executive officers.

2.    <u>Triggering Event</u>. The Clawback Policy applies if the Company is required to prepare an accounting restatement due to the material noncompliance with any financial reporting requirement under the securities laws.

3.    <u>Consequences</u>. If the Clawback Policy applies, the Company will recover reasonably promptly the excess compensation by requiring the executive officer to repay such amount to the Company. Lyft's Board Compensation Committee may determine the appropriate means of repayment, including but not limited to:

a.    Seeking recovery of any gain realized on the vesting, exercise, settlement, sale, transfer, or other disposition of any equity-based awards;

b.    Offsetting the amount to be recovered from any compensation otherwise owed by the Company to the executive officer, whether earned before or after the date of the foregoing determination and whether earned pursuant to employment or under a severance, consulting or other post-employment agreement or arrangement;

c.    Cancelling outstanding vested or unvested equity awards;

d.    Requiring reimbursement of previously-paid cash compensation; and/or

     e.    Taking any other remedial and recovery action permitted by law, as determined by the Committee.

4.    <u>Sharing of the Clawback Policy</u>. All executives will be required to sign and acknowledge the Clawback Policy.

5.    <u>Determinations under the Clawback Policy</u>. The Board and Compensation Committee each are authorized to interpret and construe this Policy and to make all determinations necessary, appropriate, or advisable for the administration of this Policy.

**C.    Training in Compliance and Safety**

1.    The membership of the Company's Culture of Ethics and Compliance Committee ("CECC") shall be enhanced to include the Company's Vice President, Safety and Customer Care (or future equivalent leader of user safety) as a standing member of the CECC, which will add another strong voice for driver and user safety on the CECC.

**D.    Raising Awareness of Safety Features**

To raise awareness of the safety initiatives that the Company has already undertaken, the Company has made, and will continue to make, efforts to share safety features and products with riders and drivers in order to enhance their efficacy.

1.    <u>Alert 911 Silently Feature</u>. The Company has enhanced awareness and publicization of the feature allowing riders and drivers to contact trained security professionals with ADT silently through the Lyft app and request that they alert 911. The Company made blog posts targeted at both riders[1] and drivers[2] to make sure both groups were aware of this important safety feature.

2.    <u>Safety Phone Calls</u>. In addition to the alert 911 silently feature, the Company also enhanced awareness and publicization of real-time 24/7 safety support from a live human via phone call. Riders and drivers were made aware of the feature through enhancements to Lyft's website.[3]

3.    <u>Further Publicization of Safety Features</u>. Over the next twelve (12) months, Lyft will make at least one additional post on its blog (https://www.lyft.com/blog) highlighting key in-app safety features available to riders and drivers.

---

[1] Lyft, Lyft News, *Lyft Welcomes ADT to Safety Advisory Council* (Aug. 17, 2022), https://www.lyft.com/blog/posts/lyft-welcomes-adt-to-safety-advisory-council

[2] Lyft, The Driver Blog, *Get Up to Speed on Your Latest Safety Features* (July 1, 2021), https://www.lyft.com/hub/posts/safety-features-for-drivers-lyft.

[3] *E.g.*, Lyft, Safety, *Safety for all means looking out for our riders*, https://www.lyft.com/safety/rider#help-from-real-humans.

**E.      Improvements to Code of Business Conduct and Ethics**

On October 26, 2021, the Company amended and restated its Code of Business Conduct and Ethics to include further guidance to employees about the seriousness of the provisions stated therein. The improvements to the Code of Business Conduct and Ethics are as follows:

1.  <u>Purpose</u>. The Code of Business Conduct and Ethics specifies that it provides a "set of minimum requirements" for employees, and that each employee is expected to maintain high ethical standards and uphold all applicable Lyft policies.

2.  <u>Legal guidance</u>. Employees are encouraged to speak with members of the Lyft legal team if they have any questions about their compliance with or obligations under the Code of Business Conduct and Ethics.

**F.      Improvements to Charter of the Compensation Committee**

On July 25, 2023, the Company amended and restated its Compensation Committee Charter to specify the duties of the Compensation Committee, as they relate to changes in compensation, the Company's Clawback Policy, and hiring strategies, including diversity and inclusion efforts. The recent improvements to the Compensation Committee Charter are as follows:

1.  <u>Changes in employment and compensation</u>. The Compensation Committee shall evaluate compensation for independent directors, and make recommendations regarding compensation. The Compensation Committee also has the power to adopt, amend, and terminate compensatory contracts, as long as the independent members of the Lyft Board provide approval for termination or material amendments.

2.  <u>Clawback Policy</u>. The Compensation Committee has the power to review, approve, and administer the Clawback Policy for executive compensation.

3.  <u>Hiring strategies</u>. The Compensation Committee oversees and monitors Company strategies related to hiring, including employee diversity and inclusion and corporate culture.

**G.      Improvements to Corporate Governance Guidelines**

On October 26, 2023, the Company amended and restated its Corporate Governance Guidelines to specify limitations on executive director board membership, director training, and leadership development. The recent improvements to the Corporate Governance Guidelines are as follows:

1.  <u>Membership on other boards</u>. Executive directors of Lyft may not sit on more than one additional public company board without the approval of the Lyft Board.

2.  <u>Director training</u>. Independent directors may seek reimbursement for director education expenses related to their service on the Lyft Board and any Lyft Board committees.

3.  <u>Leadership development</u>. The Board oversees and plans for leadership succession, including by discussing changes with the Compensation Committee. The Board is also responsible for leadership development planning, and oversees individualized planning.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE LYFT, INC. DERIVATIVE LITIGATION | Lead Case No. 4:20-cv-09257-HSG |
| | **[PROPOSED] PRELIMINARY APPROVAL ORDER** |
| This Document Relates to: | **EXHIBIT B** |
| ALL ACTIONS | Hon. Haywood S. Gilliam, Jr. |

1   This matter came before the Court for a hearing on _____, 2024.  Plaintiffs have

2   made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an

3   order: (i) preliminarily approving the proposed settlement ("Settlement") of shareholder

4   derivative claims, in accordance with the Stipulation of Settlement dated July 23, 2024 (the

5   "Stipulation"); and (ii) approving the form and manner of the Notice of the Settlement.[1]

6   WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement,

7   including, but not limited to a proposed Settlement and dismissal of the following shareholder

8   derivative actions with prejudice as to the Released Persons: (i) the above-captioned action, titled

9   *In re Lyft Inc. Derivative Litigation*, Case No. 4:20-cv-09257 (N.D. Cal.) (formerly captioned

10   *Chenoy v. Zimmer*, Case No. 4:20-cv-09257 (N.D. Cal.)); (ii) *Mehta v. Green*, Case No. 4:20-cv-

11   09364 (N.D. Cal.); (iii) *Hong Kok v. Green*, Case No. 3:20-cv-09272; and (iv) *Shuman v. Green*,

12   Case No. 4:21-cv-01263 (N.D. Cal.) (collectively, the "Federal Derivative Actions");

13   WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for

14   Preliminary Approval of Shareholder Derivative Settlement together with the accompanying

15   Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all

16   the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Settling

17   Parties in favor of preliminary approval of the Settlement;

18   WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement

19   falls within the range of possible approval criteria, as it provides a beneficial result for Lyft and

20   appears to be the product of serious, informed, non-collusive negotiations between the Settling

21   Parties; and

22   WHEREAS, the Court also finds, upon a preliminary evaluation, that Lyft shareholders

23   should be apprised of the Settlement through the proposed form of notice, allowed to file

24   objections, if any, thereto, and appear at the Settlement Hearing.

25

26

27

28

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2.      This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3.      A hearing shall be held on _____, 2024 at _____.m., before the Honorable Haywood S. Gilliam, Jr., at the U.S. District Court for the Northern District of California, Oakland Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California 94612 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the notice of the Settlement fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved; and (v) such other matters as the Court may deem appropriate.

4.      The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5.      Within fifteen (15) business days after the entry of this Preliminary Approval Order: (i) Lyft shall publish the Summary Notice one time in the national edition of *Investor's Business Daily*; (ii) Plaintiffs' Counsel shall publish the Summary Notice one time over *PR Newswire*; and (iii) Lyft shall post the Stipulation (and exhibits thereto) and Notice on an internet page that Lyft shall create for this purpose, which shall be accessible via a link on the "Investors" page of Lyft's website through the date of the Settlement Hearing, the address of which shall be contained in the Notice and Summary Notice.

6.      Except as otherwise provided in the preceding paragraph, Lyft shall undertake all administrative responsibility for the publication and posting of the Notice and Summary Notice. All costs incurred in the publication and posting of the Notice and Summary Notice shall be paid by or on behalf of Lyft without exception.

7.      At least twenty-one (21) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to publishing and posting the Notice and Summary Notice as provided for in paragraph 5 of this Preliminary Approval Order.

8.      All Applicable Lyft Shareholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Federal Derivative Actions concerning the Settlement, whether favorable or unfavorable to Applicable Lyft Shareholders.

9.      Pending final determination of whether the Settlement should be approved, Plaintiffs and Applicable Lyft Shareholders shall not commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

10.     Any shareholder of Lyft common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or service awards should not be awarded.  However, no Lyft shareholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that Lyft shareholder has caused to be filed, and served on counsel as noted below, written objections stating all supporting bases and reasons for the objection, and setting forth proof of current ownership of Lyft stock and ownership of Lyft stock as of July 23, 2024 as well as documentary evidence of when such stock ownership was acquired.

11.     At least twenty-one (21) calendar days prior to the Settlement Hearing set for _____, 2024, any such person must file the written objection(s) and corresponding

materials with the Clerk of the Court, U.S. District Court for the Northern District of California, 50 Golden Gate Avenue San Francisco, CA 94102 and serve such materials by that date, to each of the following Settling Parties' counsel:

*Counsel for Plaintiffs:*

Timothy Brown
THE BROWN LAW FIRM, P.C.
767 Third Avenue, Suite 2501
New York, NY 10017

and

Gregory M. Nespole
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10004

*Counsel for Nominal Defendant Lyft, Inc. and Defendants Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Jonathan Christodoro, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter:*

Andrew B. Clubok
LATHAM & WATKINS LLP
555 Eleventh Street, NW,
Suite 1000
Washington, D.C. 20004

and

Colleen C. Smith
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130

12.     Only shareholders who have filed with the Court and sent to the Settling Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing unless the Court orders otherwise.

13.     Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and service awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14.     Plaintiffs shall file their motion for final approval of the Settlement at least twenty-eight (28) calendar days prior to the Settlement Hearing.  If there is any objection to the

Settlement, Plaintiffs shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

15.     All proceedings in the Federal Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation.

16.     This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Lyft's shareholders.

17.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

18.     The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Lyft shareholders; (ii) the right to continue or adjourn the Settlement Hearing from time to time or by oral announcement at the hearing or at any adjournment thereof, without further notice to Lyft shareholders; and (iii) the right to hold the Settlement Hearing telephonically or by videoconference, without further notice to Lyft shareholders. Any Applicable Lyft Shareholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the Investors page of Lyft's website for any change in the date, time, or format of the Settlement Hearing.

**IT IS SO ORDERED.**

Dated:_____                    _____
                                                   The Honorable Haywood S. Gilliam, Jr.
                                                   UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM & WATKINS LLP
 Matthew Rawlinson (SBN 231890)
 140 Scott Drive
 Menlo Park, California 94025
 T: (650) 328-4600 / F: (650) 463-2600
 matthew.rawlinson@lw.com

Andrew B. Clubok (*pro hac vice* pending)
 555 Eleventh Street, NW, Suite 1000
 Washington, D.C. 20004
 T: (202) 637-2200 / F: (202) 637-2201
 andrew.clubok@lw.com

Colleen C. Smith (SBN 231216)
 12670 High Bluff Drive
 San Diego, California 92130
 T: (858) 523-5400 / F: (858) 523-5450
 colleen.smith@lw.com

*Attorneys for Nominal Defendant Lyft, Inc. and
Defendants Logan Green, John Zimmer, Brian
Roberts, Prashant (Sean) Aggarwal, Jonathan
Christodoro, Ben Horowitz, Valerie Jarrett, David
Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary
Agnes (Maggie) Wilderotter*

[*Additional Counsel on Signature Pages*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE LYFT, INC. DERIVATIVE LITIGATION | Lead Case No. 4:20-cv-09257-HSG |
| This Document Relates to: | **NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION** |
| ALL ACTIONS | **EXHIBIT C** |
| | Hon. Haywood S. Gilliam, Jr. |

**TO:**   **ALL OWNERS OF THE COMMON STOCK OF LYFT, INC. ("LYFT" OR THE "COMPANY") CURRENTLY AND AS OF JULY 23, 2024 ("APPLICABLE LYFT SHAREHOLDERS"):**

**THIS NOTICE RELATES TO THE PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE LITIGATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  IF YOU ARE A LYFT SHAREHOLDER, THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.**

**THIS ACTION IS NOT A "CLASS ACTION."  THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to an Order of the U.S. District Court for the Northern District of California (the "Court"), that a proposed settlement has been reached by the parties to the following shareholder derivative actions brought on behalf and for the benefit of Lyft: (i) *In re Lyft Inc. Derivative Litigation*, Case No. 4:20-cv-09257 (N.D. Cal.) (formerly captioned *Chenoy v. Zimmer*, Case No. 4:20-cv-09257 (N.D. Cal.)); (ii) *Mehta v. Green*, Case No. 4:20-cv-09364 (N.D. Cal.); (iii) *Hong Kok v. Green*, Case No. 3:20-cv-09272 (N.D. Cal.); and (iv) *Shuman v. Green*, Case No. 4:21-cv-01263 (N.D. Cal.) (collectively, the "Federal Derivative Actions").[1]

As explained below, a hearing will be held on _____ 2024 at _____.m., before the Honorable Haywood S. Gilliam, Jr., at the U.S. District Court for the Northern District of California, Oakland Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California 94612 (the "Settlement Hearing"), at which the Court will determine whether to approve the Settlement.  You have an opportunity to be heard at this hearing.

The Court may, in its discretion, change the date and/or time of the Settlement Hearing without further notice to you.  The Court also has reserved the right to hold the Settlement Hearing telephonically or by videoconference without further notice to you.  If you intend to attend the Settlement Hearing, please consult the Court's calendar or Lyft's website,

---

[1] All capitalized terms herein have the same meanings as set forth Settling Parties' Stipulation of Settlement dated July 23, 2024 (the "Stipulation"), which is available for viewing on the website of Lyft at www._____.com.

www._____, for any change in the date, time, or format of the Settlement Hearing.

The terms of the settlement are set forth in the Stipulation and summarized in this Notice. If approved by the Court, the Settlement will fully resolve the Federal Derivative Actions, including the dismissal of the Federal Derivative Actions with prejudice.  For a more detailed statement of the matters involved in the Federal Derivative Actions, the Settlement, and the terms discussed in this Notice, the Stipulation may be inspected at the Clerk of Court's office, U.S. District Court for the Northern District of California, 50 Golden Gate Avenue San Francisco, CA 94102.  The Stipulation is also available for viewing on the website of Lyft at www. _____.com.  For a fee, all papers filed in the Federal Derivative Actions are available at www.pacer.gov.

This Notice is not intended to be an expression of any opinion by the Court with respect to the merits of the claims made in the Federal Derivative Actions, but is merely to advise you of the pendency and proposed settlement of the Federal Derivative Actions.

**THERE IS NO CLAIMS PROCEDURE.**  This case was brought to protect the interests of Lyft.  The Settlement results in changes to the Company's corporate governance, not in payment to individuals, and accordingly, there will be no claims procedure.

## I.      THE FEDERAL DERIVATIVE ACTIONS

The Federal Derivative Actions are brought by Plaintiffs solely on behalf of and for the benefit of Lyft and against the Individual Defendants.  Lyft maintains a peer-to-peer marketplace for on-demand ridesharing, representing one of the largest multimodal transportation networks in the United States and Canada.  The derivative claims arise from allegedly false and misleading statements made in connection with Lyft's March 28, 2019 initial public offering.

## II.     PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the Federal Derivative Actions have substantial merit, and Plaintiffs' entry into the Stipulation and Settlement is not intended to be and shall not be construed as an admission or concession concerning the relative strength or merit of the claims alleged in the Federal Derivative Actions.  However, Plaintiffs and Plaintiffs' Counsel recognize

and acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Federal Derivative Actions against the Individual Defendants through trial and through possible appeals.  Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Federal Derivative Actions, as well as the difficulties and delays inherent in such litigation.  Plaintiffs' Counsel are also mindful of the inherent problems of establishing standing in derivative litigation, and the possible defenses to the claims alleged in the Federal Derivative Actions.

Plaintiffs' Counsel have conducted extensive investigation and analysis, including, inter alia: (i) reviewing Lyft's press releases, public statements, U.S. Securities and Exchange Commission ("SEC") filings, and securities analysts' reports and advisories about the Company and its financial condition; (ii) reviewing related media reports about the Company; (iii) researching applicable law with respect to the claims alleged in the Federal Derivative Actions and potential defenses thereto; (iv) preparing and filing derivative complaints; (v) conducting damages analyses; (vi) reviewing and analyzing relevant documents in the Federal Securities Action and in the State Securities Action; (vii) researching corporate governance best practices; (viii) researching and preparing correspondence related to the settlement demands; and (viii) negotiating this Settlement with Defendants.  Based on Plaintiffs' Counsel's thorough review and analysis of the relevant facts, allegations, defenses, and controlling legal principles, Plaintiffs' Counsel believe that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon Lyft.  Based upon Plaintiffs' Counsel's evaluation, Plaintiffs have determined that the Settlement is in the best interests of Lyft and have agreed to settle the Federal Derivative Actions upon the terms and subject to the conditions set forth herein.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in the Federal Derivative Actions.  The Individual Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Federal Derivative Actions.

Nonetheless, Lyft and the Individual Defendants have concluded that further litigation of the Federal Derivative Actions would be protracted and expensive, and that it is desirable for the Federal Derivative Actions to be fully and finally settled in the matter and upon the terms and conditions set forth in the Stipulation.  Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Federal Derivative Actions.  Defendants have, therefore, determined that it is desirable and beneficial that the Federal Derivative Actions be settled in the manner and upon the terms and conditions set forth in the Stipulation.

Neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the Released Claims or an admission by or against the Individual Defendants of any fault, wrongdoing, or concession of liability whatsoever.

## IV.    BOARD APPROVAL

The terms of the Stipulation of Settlement, including exhibits thereto, shall be presented to the Lyft Board of Directors for their review and approval at the next regularly scheduled Board meeting, currently set for August 20, 2024.

## V.    TERMS OF THE SETTLEMENT

The terms and conditions of the proposed Settlement are set forth in the Stipulation, which has been filed with the Court and is available for viewing on Lyft's website at www. _____.com.  The following is only a summary of its terms.

As consideration for the Settlement, Lyft has made significant company-wide reforms, and commits to substantively maintaining or expanding upon the following corporate governance reforms set forth in Exhibit A to the Stipulation ("Reforms").  The Reforms shall be maintained by Lyft for a period of not less than three (3) years.  Lyft and the Individual Defendants

acknowledge that the prosecution and settlement of the Federal Derivative Actions was a substantial and material factor in the Company's decision to adopt, implement, and/or maintain the Reforms, and agree that the Reforms are significant and extensive and confer substantial benefits upon Lyft and its shareholders.

The Reforms are specifically designed to improve the functioning of Lyft and convey to investors that they can invest in the Company with confidence.  The Reforms provide, among other things, that Lyft will, for a period of not less than three (3) years:

- make a link to its Compliance and Ethics Hotline publicly available on Lyft's Investor Relations webpage;

- amendments to its Clawback Policy, effected on October 2, 2023, including robust provisions for providing recoupment in the event of material negative restatements;

- enhance the membership of the Company's Culture of Ethics and Compliance Committee to include the Company's Vice President, Safety and Customer Care (or future equivalent leader of user safety) as a standing member of the committee;

- make efforts to share safety features and products with riders and drivers in order to enhance their efficacy, including by, over the next twelve months, making at least one additional post on its blog (https://www.lyft.com/blog) highlighting key in-app safety features available to riders and drivers;

- amendments to its code of business conduct and ethics, effected on October 26, 2021, including further guidance to employees about the seriousness of the provisions stated therein;

- amendments to the Compensation Committee Charter, effected on July 25, 2023, including enhanced duties of the Compensation Committee as they relate to changes in compensation, the Company's Clawback Policy, and hiring strategies, including diversity and inclusion efforts;

- amendments to the Company's Corporate Governance Guidelines, effected on October 26, 2023, including specifying limitations on executive director board membership, director

training, and leadership development.

This Notice provides a summary of some, but not all, of the Reforms Lyft has agreed to adopt or adopted as consideration for the Settlement.  For a list of all of the Reforms, please see Exhibit A to the Stipulation, which is available for viewing from the Court or on Lyft's website at www._____.com.

## VI.    DISMISSAL AND RELEASES

The Settlement is conditioned upon the occurrence of certain events, which include, among other things: (i) approval of the Settlement by Lyft's Board of Directors; (ii) the Court's issuance of an order preliminarily approving the terms and conditions of the Settlement; (iii) Court approval of the method of providing notice to the Applicable Lyft Shareholders; (iv) final approval of the Settlement by the Court following notice to Applicable Lyft Shareholders and the Settlement Hearing contemplated by the Stipulation; (v) Court entry of the Judgment, approving the Settlement and dismissing with prejudice the Consolidated Derivative Action, without awarding costs to any Party, except as provided in the Stipulation; and (vi)  payment of the Fee and Expense Amount; (vii) the passing of the date upon which the Judgment becomes Final; and (viii) Court issuance of an order dismissing the Federal Derivative Actions with prejudice (the "Effective Date").

Upon the Effective Date, the Releasing Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all derivative claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Federal Derivative Actions against the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

Except as set forth in paragraph 5.3, of the Stipulation, upon the Effective Date, Lyft and each of the Individual Defendants and their Related Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel and their Related Persons from all claims (including claims related to Unknown Claims), arising out

of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Federal Derivative Actions or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

## VII.    PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES

After negotiating the substantive terms of the settlement, the Settling Parties discussed a fair and reasonable sum to be paid to Plaintiffs' Counsel for their attorneys' fees and expenses. In recognition of the substantial benefits conferred upon Lyft as a direct result of the prosecution and Settlement of the Federal Derivative Actions, and subject to Court approval, the Individual Defendants shall cause their insurers to pay Plaintiffs' Counsel the agreed-to amount of $700,000 (the "Fee and Expense Amount").  To date, Plaintiffs' Counsel have neither received any payment for their services in conducting the Actions, nor have counsel been reimbursed for their out-of-pocket expenses incurred.  The Settling Parties believe that the sum agreed to is within the range of attorneys' fees and expenses approved by courts under similar circumstances in litigation of this type.  Lyft's shareholders are not personally liable for the payment of any award of attorneys' fees and expenses.

Plaintiffs' Counsel may apply to the Court for service awards of up to $1,500 for each of the Plaintiffs, only to be paid upon Court approval, and to be paid from the Fee and Expense Amount in recognition of Plaintiffs' participation and effort in the prosecution of the Actions. Neither Lyft nor any of the Individual Defendants shall be liable for any portion of any service awards.

## VIII.   THE SETTLEMENT HEARING

The Settlement Hearing will be held before the Honorable Haywood S. Gilliam, Jr. at the U.S. District Court for the Northern District of California, Oakland Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California 94612 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved; and (v) such other matters as the Court may deem appropriate.  The Settlement Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof, or it may be held telephonically or by videoconference, without further notice. Any Applicable Lyft Shareholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or the Investors page of Lyft's website for any change in the date, time, or format of the Settlement Hearing.

## IX.   THE RIGHT TO OBJECT AND/OR BE HEARD AT THE HEARING

Any Applicable Lyft Shareholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the amount of attorneys' fees and reimbursement of expenses should not be approved.  However, unless otherwise ordered by the Court, you shall only be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the amount of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel, unless you have, *at least twenty-one (21)  calendar days prior to the Settlement Hearing*, filed with the Court a written notice of objection containing the following information:

1.      Your name, legal address, and telephone number;

2.      The case name and number (*In re Lyft Inc. Derivative Litigation*, Case No. 4:20-cv-09257);

3.      Proof of being a Lyft shareholder currently and as of July 23, 2024;

4.      The date(s) you acquired your Lyft shares;

5.      A statement of each of each objection being made;

6.      Notice of whether you intend to appear at the Settlement Hearing (you are not required to appear); and

7.      Copies of any papers you intend to submit to the Court, along with the names of any witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their testimony.

If you wish to object to the proposed Settlement, you must file the written objection described above with the Court on or before _____, 2024.  All written objections and supporting papers must be filed with the Clerk of the Court, U.S. District Court for the Northern District of California, 50 Golden Gate Avenue San Francisco, CA 94102 and served by that date upon each of the following Settling Parties' counsel:

| Counsel for Plaintiffs: | Counsel for Nominal Defendant Lyft, Inc. and Defendants Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Jonathan Christodoro, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter: |
|---|---|
| Timothy Brown THE BROWN LAW FIRM, P.C. 767 Third Avenue, Suite 2501 New York, NY 10017 | |
| and | |
| Gregory M. Nespole LEVI & KORSINSKY, LLP 33 Whitehall Street, 17th Floor New York, NY 10004 | Andrew B. Clubok LATHAM & WATKINS LLP 555 Eleventh Street, NW, Suite 1000 Washington, D.C. 20004 |
| | and |
| | Colleen C. Smith LATHAM & WATKINS LLP 12670 High Bluff Drive San Diego, CA 92130 |

YOUR WRITTEN OBJECTIONS MUST BE POSTMARKED OR ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____, 2024.  Only shareholders who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

Unless otherwise ordered by the Court, any Applicable Lyft Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be barred and foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or to otherwise be heard, and shall otherwise be bound by the Judgment to be entered and the releases to be given.

**APPLICABLE LYFT SHAREHOLDERS AS OF JULY 23, 2024 WHO HAVE NO OBJECTION TO THE SETTLEMENT DO NOT NEED TO APPEAR AT THE SETTLEMENT HEARING OR TAKE ANY OTHER ACTION.**

**X.      EXAMINATION OF PAPERS AND INQUIRIES**

There is additional information concerning the Settlement available in the Stipulation, which is available for viewing on the Lyft website at www. _____.com.  You may also inspect the Stipulation during business hours at the office of the Clerk of the Court, U.S. District Court for the Northern District of California, 50 Golden Gate Avenue San Francisco, CA 94102.  Or, you can call The Brown Law Firm, P.C., 767 Third Avenue, New York, NY 10017, telephone: (516) 922-5427; Levi & Korsinsky, LLP, 33 Whitehall Street, 17th Floor, New York, NY 10004, telephone: (212) 363-7500, for additional information concerning the settlement.

**PLEASE DO NOT CONTACT THE COURT OR LYFT
REGARDING THIS NOTICE**

Dated:

BY ORDER OF THE UNITED STATES
DISTRICT COURT OF THE NORTHERN
DISTRICT OF CALIFORNIA

# EXHIBIT D

1  LATHAM & WATKINS LLP
      Matthew Rawlinson (SBN 231890)
2     140 Scott Drive
      Menlo Park, California 94025
3     T: (650) 328-4600 / F: (650) 463-2600
      matthew.rawlinson@lw.com
4
      Andrew B. Clubok (*pro hac vice*)
5     555 Eleventh Street, NW, Suite 1000
      Washington, D.C. 20004
6     T: (202) 637-2200 / F: (202) 637-2201
      andrew.clubok@lw.com
7
      Colleen C. Smith (SBN 231216)
8     12670 High Bluff Drive
      San Diego, California 92130
9     T: (858) 523-5400 / F: (858) 523-5450
      colleen.smith@lw.com
10
      *Attorneys for Nominal Defendant Lyft, Inc. and*
11    *Defendants Logan Green, John Zimmer, Brian*
      *Roberts, Prashant (Sean) Aggarwal, Jonathan*
12    *Christodoro, Ben Horowitz, Valerie Jarrett, David*
      *Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary*
13    *Agnes (Maggie) Wilderotter*
14    [*Additional Counsel on Signature Pages*]

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                     **OAKLAND DIVISION**

17

18  IN RE LYFT, INC. DERIVATIVE          Lead Case No. 4:20-cv-09257-HSG
    LITIGATION
19                                        **SUMMARY NOTICE OF PENDENCY**
                                          **AND PROPOSED SETTLEMENT OF**
20  This Document Relates to:            **SHAREHOLDER DERIVATIVE ACTION**

21        ALL ACTIONS                     **Exhibit D**

22                                        Hon. Haywood S. Gilliam, Jr.

23

24

25

26

27

28

**TO: ALL OWNERS OF THE COMMON STOCK OF LYFT, INC. ("LYFT" OR THE "COMPANY") CURRENTLY AND AS OF JULY 23, 2024:**

IF YOU ARE A RECORD OR BENEFICIAL OWNER AND WERE A RECORD OR BENEFICIAL OWNER OF LYFT COMMON STOCK AS OF JULY 23, 2024, PLEASE READ THIS NOTICE ABOUT A SETTLEMENT CAREFULLY AND IN ITS ENTIRETY AS YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE ABOVE-REFERENCED LITIGATION.

THIS ACTION IS NOT A "CLASS ACTION." THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.

PLEASE TAKE NOTICE that the parties to the above-captioned shareholder derivative action, (formerly captioned *Chenoy v. Zimmer*, Case No. 4:20-cv-09257 (N.D. Cal.)), as well as the parties to the shareholder derivative actions titled *Mehta v. Green*, Case No. 4:20-cv-09364 (N.D. Cal.); *Hong Kok v. Green*, Case No. 3:20-cv-09272 (N.D. Cal.); and *Shuman v. Green*, Case No. 4:21-cv-01263 (N.D. Cal.) (collectively, the "Federal Derivative Actions"), have reached an agreement to settle the derivative claims brought on behalf of and for the benefit of Lyft.

The terms of the settlement are set forth in a Stipulation of Settlement dated July 23, 2024 (the "Stipulation").[1] This notice should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the U.S. District Court for the Northern District of California. A link to the text of the Stipulation and the full-length Notice of Pendency and Proposed Settlement of Shareholder Derivative Action may be found on the "Investors" page of Lyft's website at www._____.com.

Under the terms of the Stipulation, as a part of the proposed Settlement, Lyft has adopted and/or will adopt certain corporate governance reforms, which all parties agree confer substantial benefits upon Lyft.

---

[1] All capitalized terms herein have the same meanings as set forth in the Stipulation

1    In light of the substantial benefits conferred upon Lyft by Plaintiffs' Counsel's efforts,

2    the Company's insurers shall pay Plaintiffs' Counsel's attorney's fees, costs, and expenses of

3    $700,000, subject to Court approval.

4    A hearing will be held on _____, 2024 at _____.m., before the

5    Honorable Haywood S. Gilliam, Jr. at the U.S. District Court for the Northern District of

6    California, Oakland Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California

7    94612 (the "Settlement Hearing"), at which the Court will determine whether to approve

8    the settlement. The Court may, in its discretion, change the date and/or time of the Settlement

9    Hearing without further notice to you. The Court also has reserved the right to hold the Settlement

10   Hearing telephonically or by videoconference without further notice to you. If you intend to attend

11   the Settlement Hearing, please consult the Court's calendar and/or Lyft's website, www.

12   _____.com for any change in the date, time, or format of the Settlement Hearing.

13   Any Lyft shareholder has a right, but is not required, to appear and to be heard at the

14   Settlement Hearing, providing that he, she, or it is a shareholder of record or beneficial

15   owner of Lyft common stock and was a shareholder of record or beneficial owner of Lyft

16   common stock as of July 23, 2024. Any Lyft shareholder who satisfies this requirement may

17   enter an appearance through counsel of such shareholder's own choosing and at such

18   shareholder's own expense, or may appear on their own. However, you shall not be heard at

19   the Settlement Hearing unless, no later than _____, 2024, you have filed with the

20   Court a written notice of objection containing the following information:

21   1.    Your name, legal address, and telephone number;

22   2.    The case name and number (*In re Lyft Inc. Derivative Litigation*, Case

23   No. 4:20-cv-09257);

24   3.    Proof of being a Lyft shareholder currently and as of July 23, 2024;

25   4.    The date(s) you acquired your Lyft shares;

26   5.    A statement of each of each objection being made;

27   6.    Notice of whether you intend to appear at the Settlement Hearing (you are

28   not required to appear); and

1       7.     Copies of any papers you intend to submit to the Court, along with the

2  names of any witness(es) you intend to call to testify at the Settlement Hearing and the

3  subject(s) of their testimony.

4      If you wish to object to the proposed Settlement, you must file the written

5  objection described above with the Court on or before _____, 2024.   All

6  written objections and supporting papers must be filed with the Clerk of the Court, U.S. District

7  Court for the Northern District of California, 50 Golden Gate Avenue San Francisco, CA 94102

8  and served by that date upon each of the following Settling Parties' counsel:

|  |  |
|---|---|
| *Counsel for Plaintiffs:* | *Counsel for Nominal Defendant Lyft, Inc. and Defendants Logan Green, John Zimmer, Brian Roberts, Prashant (Sean) Aggarwal, Jonathan Christodoro, Ben Horowitz, Valerie Jarrett, David Lawee, Hiroshi Mikitani, Ann Miura-Ko, and Mary Agnes (Maggie) Wilderotter:* |
| Timothy Brown<br>THE BROWN LAW FIRM, P.C.<br>767 Third Avenue, Suite 2501<br>New York, NY 10017 | |
| and | |
| Gregory M. Nespole<br>LEVI & KORSINSKY, LLP<br>33 Whitehall Street, 17th Floor<br>New York, NY 10004 | Andrew B. Clubok<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004 |
| | and |
| | Colleen C. Smith<br>LATHAM & WATKINS LLP<br>12670 High Bluff Drive<br>San Diego, CA 92130 |

23      YOUR WRITTEN OBJECTIONS MUST BE POSTMARKED OR ON FILE WITH

24  THE CLERK OF THE COURT NO LATER THAN _____, 2024.

25      Only shareholders who have filed and delivered valid and timely written notices of

26  objection will be entitled to be heard at the Settlement Hearing unless the Court orders

27  otherwise.  If you fail to object in the manner and within the time prescribed above you shall

28  be deemed to have waived your right to object (including the right to appeal) and shall forever be

barred, in this proceeding or in any other proceeding, from raising such objection(s).

Inquiries may be made to Plaintiffs' Counsel: The Brown Law Firm, P.C., 767 Third Avenue, Suite 2501, New York, NY 10017, telephone: (516) 922-5427; Levi & Korsinsky, LLP, 33 Whitehall Street, 17th Floor, New York, NY 10004, telephone: (213) 363-7500.

**PLEASE DO NOT CONTACT THE COURT OR LYFT REGARDING THIS NOTICE**

Dated:

                  BY ORDER OF THE UNITED STATES
                  DISTRICT COURT OF THE NORTHERN
                  DISTRICT OF CALIFORNIA

# EXHIBIT E

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE LYFT, INC. DERIVATIVE LITIGATION | Lead Case No. 4:20-cv-09257-HSG |
| | **[PROPOSED] ORDER AND FINAL JUDGMENT** |
| This Document Relates to: | **EXHIBIT E** |
| ALL ACTIONS | Hon. Haywood S. Gilliam, Jr. |

1    This matter came before the Court for hearing on _____, 2024, to consider

2    approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement

3    dated July 23, 2024, and the exhibits thereto (the "Stipulation").  The Court has reviewed and

4    considered all documents, evidence, objections (if any), and  arguments  presented  in  support of

5    or against  the  Settlement.   Good  cause  appearing therefore, the Court enters this Judgment.

6        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

7        1.    This Judgment incorporates by reference the definitions in the Stipulation, and all

8    capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

9        2.    This Court has jurisdiction over the subject matter of the Consolidated Derivative

10   Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties

11   to the Consolidated Derivative Action.

12       3.    The Court finds that the Notice provided to Lyft shareholders constituted the best

13   notice practicable under the circumstances.  The Notice fully satisfied the requirements of Rule

14   23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

15       4.    The Court finds that the Settlement as set forth in the Stipulation is fair,

16   reasonable, adequate, and in the best interests of Lyft and its shareholders.

17       5.    The Consolidated Derivative Action and all claims contained therein, as well as

18   all of the Released Claims against Released Persons, are dismissed with prejudice.   The Settling

19   Parties are to bear their own costs, except as otherwise provided in the Stipulation.

20       6.    Upon the Effective Date, the Releasing Persons shall be deemed to have fully,

21   finally, and forever released, relinquished, and discharged the Released Claims (including

22   Unknown Claims) against the Released Persons and any and all derivative claims arising out of,

23   relating to, or in connection with the defense, settlement, or resolution of the Federal Derivative

24   Actions against the Released Persons.  Nothing herein shall in any way impair or restrict the

25   rights of any Settling Party to enforce the terms of the Stipulation.

26       7.    Except as set forth in paragraph 5.3 of the Stipulation, upon the Effective Date,

27   Lyft and each of the Settling Individual Defendants and their Related Persons shall be deemed to

28   have fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs'

Counsel and their Related Persons from all claims (including claims related to Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Federal Derivative Actions or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation.

8.      During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws or statutes, including Section 128.7 of the California Code of Civil Procedure.

9.      The Court hereby approves the sum of $700,000 for the payment of Plaintiffs' Counsel's attorneys' fees and expenses in the Actions ("Fee and Expense Amount"), and finds that the Fee and Expense Amount is fair and reasonable.  No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement.  The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

10.      The Court hereby approves the service awards of $1,500 for each of the Plaintiffs to be paid from Plaintiffs' Counsel's Fee and Expense Amount in recognition of Plaintiffs' participation and effort in the prosecution of the Actions.

11.      Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

12.      The Released Persons may file the Stipulation and/or the Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance of the Stipulation and/or the Judgment: (i) in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO. 4:20-cv-09257-HSG

credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) in furtherance of the Settlement contemplated in the Stipulation; and (iii) in any action to enforce the Settlement.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.  If for any reason the Effective Date does not occur, or if this Stipulation is in any way canceled, terminated or fails to become Final in accordance with its terms, then: (a) all Settling Parties and Released Persons shall be restored to their respective positions in the Federal Derivative Actions as of July 23, 2024; (b) all releases delivered in connection with this Stipulation shall be null and void, except as otherwise provided for in this Stipulation; (c) the Fee and Expense Amount paid to Plaintiffs' Counsel shall be refunded and returned within thirty (30) calendar days; and (d) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Federal Derivative Actions or in any other action or proceeding.  In such event, the terms and provisions of this Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Federal Derivative Actions or in any other proceeding for any purpose.

14.     Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

15.     This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation.  Accordingly,  the  Clerk is  hereby  directed  to  enter  this  Judgment  forthwith  in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated:_____

_____
The Honorable Haywood S. Gilliam, Jr.
UNITED STATES DISTRICT COURT JUDGE